UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.,

    Plaintiff,

v.                                    Case No. 22-cv-0930-bhl

CO GINA AMBASAN,
JASON WELLS,
JASON ALDANA,
DEPARTMENT OF CORRECTIONS, and
KEVIN CARR,

    Defendants.

## SCREENING ORDER

Plaintiff Michael A. Lee, Jr., who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Lee's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Lee has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Lee has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $7.62. Lee's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Lee asserts that from April 2018 until May 2020, Defendant Correctional Officer Gina Ambasan inappropriately touched his genitals, engaged in phone sex with him, and ordered him to participate in sexual acts with her. He further states that Ambasan wired his mother $300 in hush money. Dkt. No. 1 at 2-3.

## THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that Defendants acted with deliberate indifference to an excessive risk to his health or safety. *J.K.J. v. Polk County*, 960 F.3d 967, 376 (7th Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "[I]t would be an understatement" to say that sexually assaulting inmates "objectively impose[s] serious risk to their safety." *Id.* Accordingly, Lee may proceed on a deliberate indifference claim against Ambasan based on allegations that she had repeated sexual contact with him while she was a correctional officer and he was an inmate. The Court will also exercise supplement jurisdiction over the state law negligence claim. *See* 28 U.S.C. §1367(a).

Lee does not, however state a claim against Jason Wells (the warden), Kevin Carr (the chief director), or Jason Aldana (the security director). With respect to these individuals, Lee asserts only that they are "responsible for failing to train and supervise Ambasan and to adopt necessary procedures to prevent her sexual assaults, sexual harassment." Dkt. No. 1 at 2. Lee includes no factual allegations to support these legal conclusions, so he fails to satisfy the pleading requirements of Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in stating a claim, mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do").

Further, the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. The complaint includes no factual allegations suggesting that Wells, Carr, or Aldana knew about Ambasan's alleged misconduct, and the mere fact that they held supervisory positions is insufficient to state a claim under §1983.

Finally, as the Supreme Court has explained, "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Lee may not proceed on claims against the Department of Corrections, which is an arm of the state, or against state officials in their official capacities.

**IT IS THEREFORE ORDERED** that Lee's motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lee fails to state a federal claim against Jason Wells, Jason Aldana, the Department of Corrections, and Kevin Carr, so those Defendants are **DISMISSED**. If Lee would like to pursue state law claims against these individuals, he may do so in state court.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Lee's complaint and this order are

4

Case 2:22-cv-00930-BHL   Filed 09/02/22   Page 4 of 6   Document 8

being electronically sent today to the Wisconsin Department of Justice for service on Gina Ambasan.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Ambasan shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Lee is located.

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $342.38 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Lee is transferred to another institution, the transferring institution shall forward a copy of this Order along with Lee's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

5

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Lee is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Lee may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 2, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge