## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.,

          Plaintiff,

    v.                             Case No. 2:22-CV-00930

GINA AMBASAN,

          Defendant.

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF THE TIME FOR DISCOVERY AND TO APPOINT AN ATTORNEY

Defendant, Gina Ambasan, submits this response brief in opposition to the plaintiff's motion for an extension of the time for discovery and to appoint an attorney.

The plaintiff was recently denied the appointment of an attorney. *See* Dkt. No. 42 No reason is given by the plaintiff why this request is any different than the last request. It should be denied.

On July 19, 2023, the defendant sent a simple discovery to the plaintiff as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** For any all phone calls between you and the Defendant, please state with specificity the date, time, and who initiated the phone call.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO 1:** Provide any and all documents as referenced, relied upon, or responsive to the foregoing Written Interrogatory.

1

On August 24th, the plaintiff wrote me and the court and said he could not respond to the request. *See* Dkt. No. 43. He has made no effort to respond to the simple request. Apparently, the plaintiff misbehaved in prison and this contributed to his delay. With discovery closing tomorrow, we will not have the information requested. Appropriate motions will be brought at the time of trial. None the less, the plaintiff now asks that the discovery deadline be extended for 61 days. The request should be denied.

He claims that a recent plea supports his case for an extension. To the contrary, the plea did not involve the claimed sexual encounters. Rather, there was a plea to Sec. 946.12(1) Misconduct in public office which provides: Any public officer or public employee who does any of the following is guilty of a Class I felony:

(1) Intentionally fails or refuses to perform a known mandatory, nondiscretionary, ministerial duty of the officer's or employee's office or employment within the time or in the manner required by law;

This has nothing to do with the alleged sexual encounters. Additionally, there was a plea to Sec 302.095(2) which deals with giving property to an inmate. Both these charges involved a cell phone. See CCAP for Racine case # 2023CF210.

The plaintiff's claimed difficulty in getting information because he is an inmate is novel since there is no "incarcerated" justification for delay when a matter is pending in the Court. Mr. Lee had months to work out his discovery issues. His last minute request for a deposition is unavailing. He had 5 months from the date of the order and failed to follow through with any discovery other than interrogatories which were timely answered on June 28th 2023.

The fourth motion for appointment of counsel and for an extension should be denied.

Dated October 16, 2023.

DEVINE HAHN, S.C.
By:
s/ Thomas M. Devine
Thomas M. Devine, #1017536
Attorneys for Defendant,
Gina Ambasan

Mailing Address:
840 Lake Avenue, Suite 300
Racine, WI 53403
(262) 632-7541 (telephone)
(262) 364-2088 (fax)