IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.

    Plaintiff,

v.

GINA AMBASAN,

    Defendant.

Case No: 22-cv-0930

**PLAINTIFFS' MOTION FOR SANCTIONS
PURSUANT TO FED. R. CIV. PROCEDURE 11 AND RULE 37**

Plaintiff Michael A. Lee, Jr., through his attorney, respectfully moves this Court for the entry of an Order imposing sanctions pursuant to Rule 11(b), (c) and Rule 37 of the Federal Rules of Civil Procedure. Defendants were properly served through facsimile on March 28, 2024, and alerted of the below issues through a safe harbor letter.

**STATEMENT OF CASE AND PROCEDURAL HISTORY**

On August 12, 2022, Plaintiff Michael Lee represented himself pro se and filed a petition against Defendants Gina Ambasan, Jason Wells, Kevin Carr, and Jason Aldana in their individual and official capacities. (ECF 1)

On September 2, 2022, the court issued its screening order dismissing Defendants Jason Wells, Kevin Carr, and Jason Aldana from this matter. The court noted that Plaintiff Lee may proceed on a Deliberate Indifference Claim and the court exercised supplemental state law jurisdiction over the state law negligence claim against Defendant Ambasan individually. (ECF 8)

On April 12, 2023, Defendant Ambasan filed an Affidavit. (ECF 28) Attorney Thomas Devine, counsel for Ms. Ambasan, notarized this Affidavit. (See Declaration of Kimberley Cy. Motley Exhibit 1, RFA #11). Also on April 12, 2023, Defendant Ambasan filed her answer to Plaintiffs Complaint. (ECF 26).

In Racine County Circuit Court case 2023-CF-0210 on August 18, 2023, Defendant Gina Ambasan agreed with the the facts in the criminal complaint and pled guilty to Attempted Misconduct in Public Office Fail to Perform a Known Duty pursuant to Wis. Stat §946.12(1). (Exhibit 2) And she also pled guilty to Attempt to Deliver Illegal Articles to an Inmate pursuant to Wis. Stat. §302.095(2). *Id*. For both charges, Plaintiff Michael Lee was a named victim. On September 25, 2023, Defendant Ambasan was sentenced to 120 days, granted Huber for employment, as well as costs and fees to the court. *Id.*

On December 1, 2023, this court issued an order noting that neither party moved for summary judgment on November 17, 2023, and, that it would make efforts to recruit a volunteer lawyer to represent him. (ECF 51) On January 12, 2024, the court signed a recruitment order allowing Attorney Kimberley Cy. Motley to represent Mr. Lee. (ECF 52)

On February 5, 2024, a status conference was held in which the court extended discovery by (85) eighty-five days until May 3, 2024, and the matter was set for trial on June 17, 2024. (ECF 55 and 56). These dates were schedule without objection by either party.

## **LEGAL STANDARD**

Rule 11 "authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation into the facts and law necessary to support their claims." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001) (citing Fed. R. Civ. P.

- -
2

11(b)) (internal citation omitted). Specifically, Rule 11 provides the possibility of sanctions for representations to the court that are untrue, frivolous, and/or made in bad faith.

By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Additionally, District courts have the inherent authority to sanction litigants for giving false testimony at a deposition and submitting false answers to interrogatories. Some courts have held that Fed. R. Civ. P. 37(b), which authorizes sanctions for violation of a court order, also provides a basis for imposing sanctions against a litigant who gives false testimony at a deposition, despite the absence of a court order. *Pas v. Bd. Of Regents of the Univ. of Wisconsin Sys., 664 F. Supp. 3d 893*. "[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate *sanctions* to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016)*.

Rule 37(d) expressly states that if a party fails to serve answers to interrogatories, then the court may make such orders with regards to the failure as are just. Courts have also applied this provision when answers to interrogatories contain false information since such answers are often as good as no answers at all. In some ways, giving a false answer is worse than no answer; it confuses the other party.

Although the signature on discovery responses required by Rule 26 "'does not require the signing attorney to certify the truthfulness of the client's discovery request,' it forces an attorney to 'stop and think' about discovery responses and 'certifies that the lawyer has made a reasonable effort to assure the client has provided all the information and documents available to him that are responsive to the discovery demand.'" *DR Distributors*, 513 F. Supp. 3d at 952 (quoting Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendments). "An attorney must be sanctioned for failing to conduct an objectively reasonable inquiry because of carelessness or inattentiveness; therefore, even honest mistakes can be sanctionable." *Id* at 953. (internal citations omitted).

Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as fraud. Perjury in the criminal context consists of false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Malibu Media*, 2015 U.S. Dist. LEXIS 64281, 2015 WL 2371597, at *27. When considering the imposition of sanctions for perjury in civil cases, courts consider the criminal context definition and its three elements: (1) false testimony; (2) materiality; and (3) willful intent. *Id.* "False testimony" requires a false statement made "under oath or affirmation" and given "at trial or in an affidavit or deposition." Id. (quoting *Zeigler Coal Co. v. Dir., Off. Of Workers' Comp. Progs.*, 326 F. 3d

894, 901 n. 7 (7th Cir. 2003)). "Materiality" requires that the false statement have a "natural tendency to influence" or be "capable of influencing" the decision-maker to whom it is addressed. *Id.* (quoting *Alexander v. Caraustar Indus., Inc.,* 930 F. Supp. 2d 947, 957 (N.D. Ill. 2013*)).* "The statement must be material at the time it is made and need not actually affect any resulting decision." *Id.* "Intent" "may be inferred from the circumstances," but "inconsistencies alone do not in every instance support an inference of intent to testify falsely." *Id.* (quoting *Montano v. City of Chicago*, 535 F. 3d 558, 564 (7th Cir. 2008)).

## **ARGUMENT**

I. Violations of Rule 11 Misrepresentations in the Affidavit Filed with the Court on April 12, 2023. (ECF 28)

On April 12, 2023, Defendant Ambasan, filed her answer to Plaintiff's complaint admitting to the factual allegations contained in paragraphs 11-14. ECF 26 at para 11-14. (ECF 26)

Also on April 12, 2023, Defendant Ambasan filed an Affidavit with this court stating in paragraph 7, "That I never had any sexual contact with the plaintiff and that all the allegations in the Complaint are not true." (ECF 28)

The Answer to the Complaint and the Affidavit both filed on the same date contradict one another. Defendant Ambasan should know that the Affidavit contains misleading statements and that some of the allegations in the complaint are true or she may not have the personal knowledge of such allegations being true.

II. Violations of Rule 37 Misrepresentations in Answers to Plaintiffs Second Set of Interrogatories

A. PLAINTIFF's INTERROGATORY NO. 12

In Defendants' Response to Plaintiffs Second Set of Interrogatories. See Exhibit 3.

Plaintiffs asked in Interrogatory No. 12 for Defendant Ambasan to "Identify all persons whom you talked with about your interactions with Plaintiff Michael Lee from February 1, 2018, through September 25, 2023."

> <u>DEFENDANT's RESPONSE to INTERROGATORY NO. 12</u> : "Answer. Objection. This interrogatory seeks information protected from disclosure attorney-client privilege. See Upjohn co. v. United States, 449 U.S. 383, 101 S. Ct. 677, 6 L. Wd. 2d 584 (1981). Moreover, Consultant Experts are not discoverable unless warranted under FRCP 26(b)(1) or FRCP 26(b)(3)(A) (ii). Experts who will testify at trial, fi any, will be disclosed pursuant to the scheduling order.
>
> Subject to our objections, and without waiving the same. If interactions are meant to be what is alleged in the complaint - **no one**.
>
> Defendant Ambasan was investigated for her misconduct while working for the

Department of Corrections and was criminally convicted of two misdemeanors in Milwaukee County Circuit Court case 23-CF-210 for Attempted Misconduct in Office and Attempt to Deliver Illegal Articles to an Inmate. Defendant Ambasan was convicted for conduct that occurred when she was an employee of DOC in which Plaintiff Lee was a named victim. Defendant Ambasan's remarkable misrepresentation, after the baseless objection, that she spoke with "no one" with regards to her interactions with Mr. Lee from February 1, 2018, through September 25, 2023, is a gross misrepresentation.

As Defendant's are aware, on February 2, 2024, this court reopened discovery until May 4, 2024, for eighty-four (84) days. (ECF 56) Time is of the essence and trial is scheduled for June 17, 2024. *Id.* Pursuant to Fed. Rule of Civil Procedure Rule 1 is instructive in that it "teaches that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Pas v. Bd. Of Regents of the Univ. of*

- -
Case 2:22-cv-00930-BHL   Filed 04/22/24   Page 6 of 8   Document 65

6

*Wisconsin Sys.*, 664 F. Supp. 3d 893.

The response of "no one" is a gross misrepresentation and should be construed as an attempt to cause unnecessary delay and needlessly increase the cost of litigation, as well as perjury. "Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as [] fraud." *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

Plaintiffs asked in Interrogatory No. 13, for Defendants to, please identify all of your personal phone numbers that you had from February 1, 2018, through May 20, 2020.

<u>DEFENDANT's RESPONSE to INTERROGATORY NO. 13</u>: 262-930-0972

As noted above, Defendant Ambasan, was investigated for her misconduct while working for the Department of Corrections and was also criminally convicted of two misdemeanors to which Plaintiff Lee was a named victim. Defendant Ambasan's additional misrepresentation that she only had this number is another gross misrepresentation that constitutes perjury. *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

Sanctions are particularly warranted where a client's representations turn out to be untrue, but counsel "continue(s) unfazed down the same path of trust. *Id*. Counsel have a duty to investigate client's representations. "Knowing incomplete and misleading answers to written interrogatories constitutes perjury, as well as fraud." *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

## CONCLUSION

Plaintiffs respectfully request that the Court grant the foregoing motion and award costs associated with bringing the motion, award sanctions, and any other equitable relief the court so orders.

Dated this 27th day of April 2024.

**MOTLEY LEGAL SERVICES**

By: s/Kimberley Cy. Motley
Kimberley Cy. Motley
P.O. Box 1433
Matthews, NC 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com