UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.,

                Plaintiff,

    v.                                  Case No. 2:22-CV-00930

GINA AMBASAN,

                Defendant.

### BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant, Gina Ambasan, submits this response brief in opposition to the plaintiff's motion for sanctions.

The plaintiff has moved for sanctions on two issues. Both motions are groundless.

**1. The Affidavit Of Ms. Ambasan.**

### Argument

The affidavit in question was submitted as part of a motion concerning the default. (Dkt. 25). The statement at issue provides: "That I never had any sexual contact with the plaintiff and that all the allegations in the Complaint are not true." (Dkt. 27). The affidavit supported the meritorious defense criterion that the sexual acts did not happen. (Dkt. 27, p.2). The affidavit is allegedly a misrepresentation because it is inconsistent with the answer which admitted certain paragraphs. Plaintiff's attorney alleges that the answer admits paragraphs 11- 14.  In fact, the answer admits paragraphs 1 – 8 as well as 11 – 14. (Dkt. 26). The admitted paragraphs pertain to the jurisdiction allegations of residence and the history of Mr. Lee in being at RCI. The admitted

1

paragraphs do not involve the sexual claims. The affidavit denied the sexual allegations. The plaintiff's reading of the 2nd part of the compound sentence as a complete denial of all of the allegation in the complaints is wrong. It is clear that the meaning of the sentence in the affidavit is a denial of all of the sex allegations. There is no conflict between the affidavit and the answer.

Additionally, under FRCP 11(b), the movant must show that the document falls under sections (1) – (4). There is no suggestion by the movant which subsection should apply. The defendant cannot respond to an argument that is not made except to conclude that none of the subsections are implicated. Consequently, the Court should conclude that there is no violation.

Finally, the safe harbor letter dated March 28, 2024 sent to counsel has the following demand: *Pursuant to Fed. R. Civ. P. 11(c)(2), you have twenty-one (21) days to withdraw your Motion for Sanctions and Motion for Judgment on the Pleadings, If you fail to do so, I intend to move for sanctions.* (Affidavit of Thomas M. Devine, Ex. 1).

The defendant did not make a motion for sanctions nor a motion for judgement on the pleadings. Under FRCP 11(c)(2), "…The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service," Since the defendant did not make the alleged motions, the defendant could not comply with the demand. The demand for action by the plaintiff's attorney is confusing at best. Nonetheless, the affidavit is appropriate.

**2. Interrogatory Answer Question 12.**

2

## Procedural Background

FRCP 26(b)(1) requires that discovery be relevant. The inartfully worded question was so broad that it was not confined to relevant evidence. The definition provided in the answer by the defendant would lead to relevant information as the statements would be admissions under FRE 801(d)(2). The defendant did not discuss the allegation with anyone. However, once the defendant received the safe harbor letter concerning what was requested, the defendant sent a supplemental discussion which is Ex. 2 to the Affidavit of Devine.[1] Ms. Ambasan was deposed on April 29, 2024 and disclosed all the people with whom she discussed Mr. Lee's activity, including the activity surrounding the investigations. She denied that there was any physical sexual contact between herself and Mr. Lee. Mr. Soneberg, an investigator, was deposed on April 30, 2024. He testified that the investigation did not find any other evidence to support Mr. Lee's claim concerning sex. (Affidavit of Thomas M. Devine).

Plaintiff's attorney incorrectly suggests that Ms. Ambasan was in a Milwaukee court when convicted of two misdemeanors. The statement is wrong. Ms. Ambasan was in a Racine Court. Enclosed is the amended information that formed the basis of the conviction. There is no mention of sexual contact in the amended criminal complaint. (Affidavit of Thomas M. Devine, Ex. 4). Ms. Ambasan testified during her deposition about the investigations and who she talked to. The information provided in the deposition was consistent with the letter to plaintiff's attorney on April 17th.

<u>Interrogatory 13:</u>

---

[1] Importantly, Rule 11 does not apply to discovery issues. FRCP 11(d).

3

Ms. Ambasan has testified that her phone number at the time is (262) 930-0972. She was asked about other numbers in her deposition and said she did not recognize the other numbers. (Affidavit of Thomas M. Devine).

**Argument**

FRCP 26(3) lays out 3 motions that can be brought concerning discovery. The plaintiff does not argue for any of the allowed motions. Instead, there is a motion for sanctions which under FRCP 37(b) is limited to a party's failure to follow a court order. The interrogatory answers are not in violation of any court order.

Additionally, the moving papers are devoid of any support for the arguments for discovery. Under FRCP 26(a)(1), "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The declaration of Ms. Motley does not include the declaration concerning conferring as required under FRCP 26(a)(1). Importantly, the sanction motion was filed on April 22 (Dkt. 65) even though the deposition of Ms. Ambasan was confirmed for April 29th. (Affidavit of Thomas M. Devine). The defendant has waited to respond to this spurious motion until after the deposition of Ms. Ambasan. The area of enquiry raised in the interrogatory 12 and 13 was thoroughly explored in the deposition.

The plaintiff's motion for sanctions should be denied.

Dated May 2, 2024.

>						DEVINE HAHN, S.C.
>						By:
>						s/ Thomas M. Devine
>						Thomas M. Devine, #1017536
>						Attorneys for Defendant,
>						Gina Ambasan

4

Mailing Address:
840 Lake Avenue, Suite 300
Racine, WI  53403
(262) 632-7541 (telephone)
(262) 364-2088 (fax)