Defendant's Response to Interrogatory No. 12, "Answer. Objection. This interrogatory seeks information protected from disclosure attorney-client privilege. See Upjohn co. v. United States, 449 U.S. 383, 101 S. Ct. 677, 6 L. Wd. 2d 584 (1981). Moreover, Consultant Experts are not discoverable unless warranted under FRCP 26(b)(1) or FRCP 26(b)(3)(A)(ii). Experts who will testify at trial, fi any, will be disclosed pursuant to the scheduling order.

Subject to our objections, and without waiving the same. If interactions are meant to be what is alleged in the complaint - no one."

As you are aware, Defendant Ambasan was investigated for her misconduct while working for the Department of Corrections and she was also criminally convicted of two misdemeanors in Milwaukee County Circuit Court case 23-CF-210 for Attempted Misconduct in Office and Attempt to Deliver Illegal Articles to an Inmate. Defendant Ambasan was convicted of conduct that occurred when she was an employee of DOC in which Plaintiff Lee was a named victim. Defendant Ambasan's remarkable misrepresentation that she spoke with "no one" with regards to her interactions with Mr. Lee from February 1, 2018, through September 25, 2023, is a gross misrepresentation.

The response of "no one" should be construed as an attempt to cause unnecessary delay and needlessly increase the cost of litigation, as well as perjury. "Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as fraud." *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

Plaintiffs asked in Interrogatory No. 13, to please identify all of your personal phone numbers that you had from February 1, 2018, through May 20, 2020. The Defendant's response to interrogatory No. 13 was 262-930-0972. As noted above, Defendant Ambasan, was investigated for her misconduct while working for the Department of Corrections and was also criminally convicted of two misdemeanors to which Plaintiff Lee was a named victim. Defendant Ambasan's additional misrepresentation that she only had the one personal number is another gross misrepresentation that constitutes perjury. *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

Sanctions are particularly warranted where a client's representations turn out to be untrue, but counsel "continue(s) unfazed down the same path of trust. *Id.* Counsel have a duty to investigate their clients claims. "Knowing incomplete and misleading answers to written interrogatories constitutes perjury, as well as fraud." *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001).

Pursuant to Fed. R. Civ. P. 11(c)(2), you have twenty-one (21) days to withdraw your Motion for Sanctions and Motion for Judgment on the Pleadings. If you fail to do so, I intend to move for sanctions.

U.S. No. +1(704) 763-5413

P.O. Box 1433
Matthews, North Carolina 28106
Int'l. No. : +1(704) 765-4887
U.S. Fax : +1(414) 677-7334

Afghan No.: +93 (0) 788 887 887

3

Case 2:22-cv-00930-BHL   Filed 05/02/24   Page 1 of 1   Document 67-3   **EXHIBIT 1**