IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. LEE, JR.

    Plaintiff,

v.

GINA AMBASAN,

    Defendant.

Case No: 22-cv-0930

# PLAINTIFFS' REPLY IN SUPPORT OF SANCTIONS PURSUANT TO FED. R. CIV. PROCEDURE 11 AND RULE 37

Plaintiff Michael A. Lee, Jr., through his attorney, respectfully moves this Court for the entry of an Order imposing sanctions pursuant to Rule 11(b), (c), and Rule 37 of the Federal Rules of Civil Procedure. Defendants responded to Plaintiffs Motion for Sanctions and were alerted through a safe harbor letter of the issues. *See* Declaration of Kimberly Motley ("*Motley Decl.*"), Safe Harbor Letter at Exhibit 1. In its response Defendants have still failed to correct the sanctionable conduct and added to the misconduct in their Response to this motion.

Sanctions are warranted where a client's representations turn out to be untrue, but counsel "continue[s] unfazed down the same path" of trust. *Dotson v. Bravo*, 202 F.R.D. 559, 567 (N.D. Ill. 2001). "Knowingly incomplete and misleading answers to written interrogatories constitutes perjury, as well as fraud." Dotson v. Bravo, 202 F.R.D. 559, 567 (N.D. Ill. 2001). *Id.*

## ARGUMENT

**A. The Sworn Affidavit Of Ms. Ambasan as attested to by Attorney Devine Contradicts the Defendants Answer to some of the Factual Allegations in the Complaint.**

Defendant's response to Plaintiffs Motion for Sanctions wholly misses the point and fails to explain the contradictory statements made within the Affidavit signed by Defendant Ambasan and attested to by Attorney Devine. Comparing the paragraphs of the affidavit with Defendant's answer to some of the factual allegation in the complaint, both of which were filed on the same day clearly indicates contradictory assertions. In the Affidavit, the Defendant swore:

> "That I never had any sexual contact with the plaintiff **and that all the allegations in the Complaint are not true**." (*emphasis added*) (Dkt. 28).

In Defendant's Answer to the Complaint, filed on the same day as the Affidavit, Defendant in the section labeled as "Factual Allegations," responded that some of the allegations *were* true, and admitted to Factual allegations #11 – 14, none of which refer to or are about jurisdiction. (Dkt. 26). Below are the filings side by side to offer the court a clearer picture of Plaintiff's argument.



(Dkts. 26 and 28).

In the Affidavit Defendant states that "all of the allegations are not true" and in Defendants answer to factual allegations #11 – 14 she "admits (to) the allegations contained therein." Both of these statements cannot possibly be true and thus this is a clear violation of Rule 11(b)(2)(3) and (4).

    **B. Misrepresentations in the Defendant's Response to the Sanctions Motion (Dkt. 66) and Attorney Thomas Devine's Affidavit (Dkt. 67).**

### 1. There was only one Criminal Complaint which was never amended.

On August 18, 2023, in Racine County Circuit Court Case 2023-CF-0210 Defendant Ambasan, pled guilty to Attempted Misconduct in Public Office Fail to Perform a Known Duty pursuant to Wis. Stat §946.12(1) and Attempt to Deliver Illegal Articles to an Inmate pursuant to Wis. Stat. §302.095(2). In Defendant's response, they refer to an "Amended Criminal Complaint" that does not exist. (Dkt. 66 pg. 3).

Per the publicly available Wisconsin Circuit Court Access ("CCAP") report on February 8, 2023, there was one and only one criminal complaint filed in the underlying criminal matter as noted in the Wisconsin Circuit Court Access Record. *Motley Decl.* at 5, Exhibit 2. Furthermore, in Attorney Devine's Affidavit he attempts to misrepresent to this Court by referring to Exhibit 4 as a "true and correct copy of the *Amended Criminal Complaint* against Ms. Ambasan" instead of what it actually is titled and is as the *Amended Information*." (**Dkt. 67 at 8 Devine Affidavit**). There is a significant difference between those two documents and their impact in a criminal proceeding. A criminal complaint is the written document of the alleged essential facts that constitute the offenses charged which rise to the level of criminal conduct, whereas the Information is the criminal charging document. *Motley Decl.* at 6, Exhibit 3 and Dkt. 67-2. Again, these two documents represent different things.

On September 25, 2023, Defendant Ambasan pled guilty to two criminal charges and on this date an Amended Information was filed. (Dkt. 67-2). The Criminal Complaint was never amended which the Defendant is aware of. *Motley Decl.* at 6, Exhibit 3.

### 2. Defendant Ambasan admitted to sexual allegations.

In Defendant's Response she voluntarily and needlessly continues to purport additional misrepresentations to this Court. (Dkt. 66) Defendant in its response states that, "The affidavit

denied the sexual allegations." (*Id*. at p.2). And that, "the affidavit is a denial of all of the sexual allegations." (*Id*). And finally, that the DOC Investigator Joseph Soneberg, "testified that the investigation did not find any other evidence to support Mr. Lee's claim concerning sex. (Dkt. 66 at pg. 3 and Dkt. 67 at 4, Devine Affidavit). All three of these statements are not true.

The criminal complaint, under which the Defendant stipulated to and agreed with the contents when she pled guilty to the underlying crimes in the Amended Information, notes that the "Defendant (Gina Ambasan) would make sexual comments to him (Plaintiff Michael Lee) and pass him notes which led to a relationship." *Motley Decl*. at 5, Exhibit 3. And that the "Defendant admitted that she had phone sex with MAL," (Plaintiff Michael Lee). *Id*. Clearly, the Defendant has testified to and admitted to sexual allegations under oath in the criminal matter and cannot now retract the statements in her answers to discovery. On September 25, 2023, Defendant Ambasan pled guilty to Attempted Misconduct in Public Office Fail(ing) to Perform a Known Duty and Attempt to Deliver Illegal Articles to an Inmate. In the hearing on September 25, 2023, the court had the following exchange with Defendant Ambasan.

> COURT: Have you read the criminal complaint and the amended information on file in this matter?
>
> DEFENDANT AMBASAN: Yes.
>
> COURT: Do you understand their content?
>
> DEFENDANT AMBASAN: I do.
>
> COURT: Do you agree that the facts contained within those documents are accurate and may be used by this Court as a basis of fact to find you guilty of the two counts found in the amended information on your plea of guilt to those counts?
>
> DEFENDANT AMBASAN: I do.

*Motley Decl*. at 7, Exhibit 4, pg. 9 & 10.

Additionally, it is improper for Attorney Devine to purportedly swear to the testimony of Joseph Soneberg without the transcripts of the deposition. (Dkt. 67 at 4). I recall the testimony of Mr. Soneberg agreeing that there were inappropriate sexual harassment violations made by Defendant Ambasan to Plaintiff Lee which appears to be different then what was stated in Attorney Devine's affidavit. (*Id*).

### 3. Defendants Misrepresentation in its Response to Interrogatory #12.

Plaintiffs asked Defendant to, "Identify all persons whom you talked with about your interactions with Plaintiff Michael Lee from February 1, 2018, through September 25, 2023." (Dkt. 65-4 at Interrogatory 12). Defendants objected and answered, "no one," which clearly was a misrepresentation. *Id*. There was nothing inartful or confusing with this interrogatory as suggested in Defendant's Response and given that Ms. Ambasan was investigated by the DOC, the Racine District Attorney's Office, and the Racine County Sherriff's Department it was clear that no one was an absurd response. (Dkt. 66 pg. 3). The failure to completely disclose or withhold discoverable information is unacceptable and a violation of F.R.C.P. Rule 37(a)(4).

Despite Attorney Devine's letter of April 17, 2024, which was not signed by nor sworn under oath by the Defendant as required pursuant to F.R.C.P. 33(b)(3) and (5), to date Defendant has failed to provide written supplemental responses to any of the interrogatories. Plaintiffs concede, however, that during Defendant Ambasan's deposition on April 29, 2024, her testimony clearly contradicted her interrogatory response, and she did note some of the persons whom she talked with; however, we strongly believe there are more persons that were not disclosed.

### 4. Defendants Misrepresentations in its arguments in relation to Interrogatory #13.

Plaintiffs in Interrogatory #13 clearly asked Defendant to, "Please identify all of your personal phone numbers that you had from February 1, 2018, through May 20, 2020." (Dkt. 65-4 at

- 5 -

Interrogatory #13). Defendant answered that 262-930-0972 was her only personal phone number. *Id*. On April 29, 2024, as Plaintiffs recall, Ms. Ambasan testified that the aforementioned phone number was her only personal phone number and she had no others. Again, it is improper for Attorney Devine to purportedly swear to the testimony of Gina Ambasan without the transcripts of the deposition. (Dkt. 67 at 6). I recall the testimony differently and recall Defendant Ambasan stating that she only had one personal phone number *not* that she did not recognize the other numbers. Certainly, Plaintiffs understand that we can impeach the Defendant with this testimony in trial. However, we think it is important to draw the court's attention to these select few blatant misrepresentations.

Instead of trying to not waste this court's time and argue the substantive abuse of discovery or to amend or correct the record as well as the clearly inaccurate discovery responses, Defense Counsel tries to point to scrivener's errors in the Safe Harbor letter which it offered the court only one page of a four-page letter. (Dkt. 67-3). It should be noted in page 1 of the letter Plaintiffs clearly noted that the hearing for Defendant was in Racine County. *Motley Decl*. at 3 Exhibit 1. Additionally, Plaintiffs have clearly filed its motion for sanctions which the Defendants were not confused about and responded to. Clearly, these arguments do not take away from the fact that the Affidavit of Ambasan and Defendant's responses in which they admitted to the factual allegations cannot both be true. (Dkt. 26 and 28).

## CONCLUSION

There is an adage by lawyers that says, "If the facts are on your side, pound the law. If the law is on your side, pound the law. And if neither the facts nor the law are on your side, pound the table." Defendant pounds the table in its response as neither the facts nor law are on her side.

- - 6
Case 2:22-cv-00930-BHL   Filed 05/15/24   Page 6 of 7   Document 68

Plaintiff has a genuine concern, in addition to the misrepresentations made to this Court and noted herein, that when the Defendant is called to testify at trial, she will inevitably perjure herself. Her attorney has a responsibility to curb not condone such actions, and by not doing so, opens himself up to sanctionable conduct.

Plaintiffs respectfully request that the Court grant the foregoing motion and award costs associated with bringing the motion, award sanctions, and any other equitable relief the court so orders.

Dated this 15th day of May 2024.

                                         **MOTLEY LEGAL SERVICES**

                                         By: s/Kimberley Cy. Motley
Kimberley Cy. Motley
P.O. Box 1433
Matthews, NC 28106
(704) 763-5413 (phone)
(704) 909-4100 (fax)
kmotley@motleylegal.com